UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CESARIO VIZCARRA MEDINA,<br><br>                            Plaintiff,<br><br>        v.<br><br>CDCR, et al.,<br><br>                            Defendants. | Case No. 1:22-cv-00764-ADA-EPG (PC)<br><br>ORDER RE: PLAINTIFF'S COMPLETED FORM AO 88B<br><br>(ECF No. 11)<br><br>ORDER DIRECTING CLERK TO SEND PLAINTIFF ONE COPY OF FORM AO 88B |

Cesario Medina ("Plaintiff") is a state prisoner proceeding *pro se* in this civil rights action filed pursuant to 42 U.S.C. § 1983. Plaintiff filed the complaint commencing this action on June 22, 2022. (ECF No. 1). This case is proceeding on Plaintiff's Eighth Amendment excessive force claim against Doe ISU Officers 1-3. (ECF Nos. 1, 6, 7, & 9).

On October 17, 2022, the Court issued a subpoena *duces tecum* so that Plaintiff could seek document(s) that identify the Doe ISU Officers. (ECF No. 10). The Court informed Plaintiff that he should "identify with specificity the documents he is seeking and the person or entity he is seeking the documents from." (ECF No. 10, p. 2). The Court also directed the Clerk of Court to send Plaintiff one copy of form AO 88B and one copy of form USM-285. (Id.). On November

\\\

\\\

1

10, 2022, Plaintiff completed and returned the forms. (ECF No. 11).[1] However, Plaintiff did not fill out the subpoena form correctly.[2] Accordingly, the Court will require Plaintiff to fill out a corrected subpoena form.

On the subpoena form, despite the Court's instruction, Plaintiff did not list any documents that he is seeking. The Court permitted Plaintiff to subpoena "documents that may assist him in identifying Doe ISU Officers 1-3." (Id. at 2). Plaintiff should describe the documents he is seeking on the subpoena form.

Additionally, in the place and date/time and sections of the subpoena, instead of listing the place and the date/time for the litigation coordinator to comply with the subpoena, Plaintiff appears to have listed the date, time, and place of the alleged excessive force incident. On the corrected form, Plaintiff should provide a reasonable time for the litigation coordinator to comply with the subpoena.

Finally, while Plaintiff states that the subpoena is being directed to a litigation coordinator, Plaintiff should specify the prison where the litigation coordinator works.

Accordingly, the Court will not direct the United States Marshal's Service to serve the subpoena at this time. Instead, the Court will direct the Clerk to send Plaintiff another copy of form AO 88B, so that Plaintiff can complete this form correctly.

Accordingly, IT IS ORDERED that:

    1. The Clerk of Court is directed to send Plaintiff one copy of form AO 88B; and

///

///

///

///

---

[1] On that same day, Plaintiff filed a notice confirming his address. (ECF No. 12). In the notice, Plaintiff also alleges that "Corcoran prison" opened his legal mail outside his presence, and then sent it to another prison to delay his response. (Id. at 1). Plaintiff does not request any relief. Accordingly, the Court will take no further action on Plaintiff's allegations. The Court also notes that "[m]ail from the courts, as contrasted to mail from a prisoner's lawyer, is not legal mail." Hayes v. Idaho Corr. Ctr., 849 F.3d 1204, 1211 (9th Cir. 2017) (citation and internal quotation marks omitted).

[2] Plaintiff largely filled out form USM-285 correctly, and the Court is not requiring Plaintiff to fill out a corrected form.

2. Plaintiff has thirty days from the date of service of this order to complete and return form AO 88B.

IT IS SO ORDERED.

Dated: **November 14, 2022**       /s/ Erica P. Grosjean
UNITED STATES MAGISTRATE JUDGE