UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CESARIO VIZCARRA MEDINA,<br><br>　　　　Plaintiff,<br><br>　　v.<br><br>CDCR, et al.,<br><br>　　　　Defendants. | Case No. 1:22-cv-00764-ADA-EPG (PC)<br><br>ORDER DENYING PLAINTIFF'S MOTION TO CONTINUE CASE AND ADD ADDITIONAL DEFENDANTS<br><br>(ECF No. 20)<br><br>ORDER GRANTING PLAINTIFF ADDITIONAL TIME TO RESPOND TO ORDER TO SHOW CAUSE<br><br>THIRTY-DAY DEADLINE |

　　　　Cesario Medina ("Plaintiff") is a state prisoner proceeding *pro se* in this civil rights action filed pursuant to 42 U.S.C. § 1983.

　　　　This case is proceeding on Plaintiff's Eighth Amendment excessive force claim against Doe ISU Officers 1-3. (ECF Nos. 1, 6, 7, & 9). On April 26, 2023, the Court ordered Plaintiff to "show cause why this action should not be dismissed, without prejudice, for failure to comply with a court order, failure to prosecute, and/or failure to comply with Rule 4(m)." (ECF No. 19). The Court noted that it would "vacate this order to show cause if, in response, Plaintiff files a motion to substitute named defendants in place of the Doe defendants, files a motion to compel regarding the subpoena that was served on March 7, 2023, or files a motion for the issuance of a second subpoena for additional documents so that he can attempt to identify the Doe defendants." (ECF No. 19, p. 2).

On May 5, 2023, Plaintiff filed a motion to continue case and add additional defendants (ECF No. 20), which is now before the Court. Plaintiff states that he has no ability to make Corcoran State Prison provide the names of the two officers that handcuffed him and broke his arm. However, Plaintiff can provide the names of the supervisors who were present (Sergeant Case and Captain Lesniak), and asks to add them to the case.

Plaintiff further argues that the Doe defendants are state employees and indemnified so the case should continue until Plaintiff is able to depose the litigation coordinator for their names.

Plaintiff further argues that Corcoran State Prison has refused to cooperate with the subpoena to provide any names, but because California Department of Corrections and Rehabilitation is ultimately responsible, this is enough cause to continue the case.

Plaintiff further states that he would like to add Governor Newsom, Director Gipson, and Warden Campbell because they are ultimately responsible for the actions of their employees who use excessive force.

Plaintiff's motion will be denied. First, while Plaintiff appears to be asking to amend his complaint, Plaintiff does not attach a copy of the proposed amended complaint. This is improper. Local Rule 137(c) ("If filing a document requires leave of court, such as an amended complaint after the time to amend as a matter of course has expired, counsel shall attach the document proposed to be filed as an exhibit to moving papers seeking such leave…. If the Court grants the motion, counsel shall file and serve the document in accordance with these Rules and the Federal Rules of Civil and Criminal Procedure."). See also Local Rule 183(a) ("All obligations placed on 'counsel' by these Rules apply to individuals appearing in propria persona.").

Second, Plaintiff does not sufficiently explain why he should be allowed to amend to add supervisory defendants. The Court previously found that Plaintiff failed to state an excessive force claim against supervisory defendants (ECF No. 6, p. 7), and Plaintiff provides no explanation as to how he is going to cure the deficiencies identified by the Court. As the Court informed Plaintiff, "[s]upervisory personnel are not liable under section 1983 for the

actions of their employees under a theory of *respondeat superior* and, therefore, when a named defendant holds a supervisory position, the causal link between the supervisory defendant and the claimed constitutional violation must be specifically alleged." (ECF No. 6, p. 5). Additionally, as the Court also previously informed Plaintiff, "Plaintiff is seeking money damages and injunctive relief against defendant CDCR. As defendant CDCR is a state agency, it is entitled to Eleventh Amendment immunity. Thus, defendant CDCR should be dismissed from this action." (Id. at 10).

Therefore, Plaintiff's motion is deficient and will be denied.

While the Court is denying Plaintiff's motion, the Court will give Plaintiff additional time to respond to the order to show cause. Plaintiff states that he has no ability to make Corcoran State Prison provide the names of the Doe defendants, but this is not entirely accurate. If Plaintiff can identify documents that include the names of the Doe defendants, Plaintiff should file a motion for the issuance of a subpoena. In that motion, Plaintiff should identify the documents, as well as the entity or individual that possess those documents. If Plaintiff's motion is granted, a subpoena is issued, and the entity or individual refuses to respond or to provide the documents, Plaintiff may file a motion for the Court to compel that entity or individual to provide them.

Accordingly, IT IS ORDERED that:

1. Plaintiff's motion to continue case and add additional defendants (ECF No. 20) is DENIED.
2. Plaintiff has thirty days from the date of service of this order to show cause why this action should not be dismissed, without prejudice, for failure to comply with a court order, failure to prosecute, and/or failure to comply with Rule 4(m).

\\\
\\\
\\\
\\\
\\\

3. The Court will vacate the order to show cause if, in response, Plaintiff files a motion to substitute named defendants in place of the Doe defendants, files a motion to compel regarding the subpoena that was served on March 7, 2023, or files a motion for the issuance of a subpoena for additional documents so that he can attempt to identify the Doe defendants.

IT IS SO ORDERED.

Dated: **May 9, 2023**

/s/ *Erica P. Grosjean*
UNITED STATES MAGISTRATE JUDGE