UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CESARIO VIZCARRA MEDINA,<br><br>              Plaintiff,<br><br>    v.<br><br>CDCR, *et al.*,<br><br>              Defendants. | Case No. 1:22-cv-00764-ADA-EPG (PC)<br><br>ORDER GRANTING PLAINTIFF'S MOTION TO COMPEL<br><br>(ECF No. 22). |

      Cesario Vizcarra Medina ("Plaintiff") is a state prisoner proceeding *pro se* in this civil rights action filed pursuant to 42 U.S.C. § 1983. This case proceeds on Plaintiff's Eighth Amendment excessive force claim against Doe ISU Officers 1-3. (ECF Nos. 1, 6, 7, & 9). Before the Court is Plaintiff's motion to compel response to subpoena *duces tecum*. (ECF No. 22). For the following reasons, the Court will grant Plaintiff's motion.

      On October 17, 2022, the Court issued a subpoena *duces tecum* so that Plaintiff could seek document(s) that identify the Doe ISU Officers. (ECF No. 10). The Court also set a deadline for Plaintiff to file a motion to substitute named defendants in place of Doe ISU Officers 1-3. (*Id.*, p. 2). The Court informed Plaintiff that he should "identify with specificity the documents he is seeking and the person or entity he is seeking the documents from." (*Id.*) The Court also directed

1

the Clerk of Court to send Plaintiff one copy of form AO 88B and one copy of form USM-285. (*Id.*). Because Plaintiff did not fill out the subpoena form correctly, the Court required Plaintiff to complete and fill out a new form. (ECF No. 13).

Plaintiff submitted a new form. (ECF No. 14). On December 1, 2022, the Court directed service of the subpoena on the Litigation Coordinator at Corcoran State Prison by the United States Marshals Service. (ECF No.15). The Court also provided the following information:

> Additionally, Plaintiff does not provide the date or location of the alleged incident in the subpoena. However, based on the prior subpoena form submitted by Plaintiff, it appears that the incident occurred on or around October 8, 2020, between 2:00 p.m. and 3:00 p.m. on 3A facility, Building Five. Plaintiff alleges that on or around this date, the unit responsible for investigations in the prison (ISU) arrived at Plaintiff's housing unit to interview him regarding a matter related to his criminal case. During the process of removing him, ISU officer(s) twisted his arm with force behind his back, which caused a break in his arm that had been surgically repaired and healed. Plaintiff has chosen to proceed on his Eighth Amendment excessive force claim against the Doe ISU Officers who were directly responsible for breaking his arm. (ECF Nos. 6 & 7).
>
> The Litigation Coordinator at Corcoran State Prison is only required to produce documents that identify, or that may reasonable help Plaintiff identify, the Doe ISU officer(s) involved in this incident. Alternatively, if the Litigation Coordinator is able to identify the Doe ISU Officer(s) who allegedly grabbed Plaintiff and twisted his arm on or around October 8, 2020, the Litigation Coordinator may provide those names to the Court via email at EPGorders@caed.uscourts.gov. If he or she does so, the Court will substitute the identified ISU Officer(s) in place of the Doe ISU Officers and will authorize service of process on the identified Officer(s).

(*Id.*, p. 1-2). The Court directed the Litigation Coordinator to respond to the subpoena within twenty-one days. (*Id.*, p. 2).

On February 21, 2023, Plaintiff filed a request for a status of service of his subpoena for documents to identify the Doe defendants.[1] (ECF No. 16). Because no return of service had been filed, the Court extended Plaintiff's deadline to file a motion to substitute named defendants in place of Doe ISU Officers 1- to April 10, 2023. (ECF No. 17). The United States Marshals Service personally served the subpoena on March 7, 2023. (ECF No. 18).

The Litigation Coordinator e-mailed the Court an affidavit of no records on March 25,

---

[1] Plaintiff also requested to add a defendant. (ECF No. 16). The Court denied Plaintiff's request without prejudice and noted that noted that "[i]f Plaintiff chooses to refile his motion to amend, he could explain the changed he is attempting to make to his complaint and include a copy of the proposed amended complaint." (ECF No. 17, p. 1-2).

2023.

On April 26, 2023, the Court issued an order to show cause "why the Court should not issue findings and recommendations to a district judge, recommending that this action be dismissed, without prejudice, because of Plaintiff's failure to comply with a court order, failure to prosecute, and/or failure to comply with Rule 4(m)." (ECF No. 19, p. 2). The Court stated that it would vacate the order to show cause "if, in response, Plaintiff files a motion to substitute named defendants in place of the Doe defendants, files a motion to compel regarding the subpoena that was served on March 7, 2023, or files a motion for the issuance of a second subpoena for additional documents so that he can attempt to identify the Doe defendants." (*Id.*)

On May 30, 2023, Plaintiff filed a motion to compel Corcoran State Prison's response to the March 7, 2023 subpoena. (ECF No. 22). On June 8, 2023, the Court directed the Litigation Coordinator at Corcoran State Prison to file any response or opposition to Plaintiff's motion to compel within twenty-one days. (ECF No. 24). The Court also discharged the order to show cause and reset the deadline for Plaintiff to file a motion to substitute named defendants in place of Doe ISU Officers 1-3 within forty-five days of a final order regarding Plaintiff's motion to compel. (*Id.*)

The Court's order was served to the Litigation Coordinator at Corcoran State Prison on June 8, 2023. To date, no response or opposition has been filed and the deadline to do so has passed.

Plaintiff's subpoena seeks responsive documents that reveal the names of the ISU officers who Plaintiff alleges used excessive force against Plaintiff. Based on the information provided by Plaintiff, it appears that the incident occurred on or around October 8, 2020, between 2:00 p.m. and 3:00 p.m. in 3A facility, Building Five at Corcoran State Prison. These documents are relevant and proportional to Plaintiffs claims in this case. Fed. R. Civ. P. 26(b)(1); Fed. R. Civ. P. 45(d)(1) advisory committee's note to 1970 amendment ("[T]he scope of discovery through a subpoena is the same as that applicable to Rule 34 and other discovery rules.").

While it appears that Corcoran State Prison has objected to the subpoena by an affidavit that indicates no responsive records were found, the Federal Rules of Civil Procedure allow the party who issued the subpoena to file a motion to compel. *HI.Q, Inc. v. ZeetoGroup, LLC*, Case

No: 22cv1440-LL-MDD, 2022 WL 17345784, at *5 (C.D. Cal. Nov. 29, 2022) ("If a nonparty serves timely objections to a subpoena *duces tecum*, the issuing part may obtain an order from the district court where compliance is required compelling production or inspection pursuant to Rule 45(d)(2)(B)(i).").

As there has been no response or opposition from Corcoran State Prison, the Court will grant Plaintiff's motion to compel.

Accordingly, IT IS ORDERED that:

1. Plaintiff's motion to compel (ECF No. 22) is GRANTED; and
2. Corcoran State Prison is required to produce all documents that identify, or that may reasonably help Plaintiff identify, the Doe ISU officer(s) involved in this incident. Corcoran State Prison shall file a notice of compliance with this order within thirty (30) days.
3. If Corcoran State Prison believes there are no responsive documents, it shall file a response indicating what efforts were undertaken to search for the documents and facts supporting its assertion that no responsive documents exist.
4. The Court advises Plaintiff that he must file a motion to substitute named defendants in place of Doe ISU Officers 1-3 within forty-five (45) days.
5. The Clerk of Court is respectfully directed to serve a copy of this order to the Litigation Coordinator at Corcoran State Prison as well as the Warden at Corcoran State Prison.

IT IS SO ORDERED.

Dated: __August 8, 2023__        /s/ Erica P. Grosjean
       UNITED STATES MAGISTRATE JUDGE

4