UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CESARIO VIZCARRA MEDINA, | Case No. 1:22-cv-00764-ADA-EPG (PC) |
| Plaintiff, | ORDER SETTING TELEPHONIC HEARING ON NOVEMBER 16, 2023, AT 2:00 P.M REGARDING THE COURT'S SEPTEMBER 26, 2023, ORDER TO SHOW CAUSE |
| v. | |
| CDCR, *et al.*, | ORDER DIRECTING THE CLERK TO SEND A COPY OF THIS ORDER TO SUPERVISING DEPUTY ATTORNEY GENERAL LAWRENCE BRAGG, THE WARDEN OF CORCORAN STATE PRISON, AND THE LITIGATION COORDINATOR AT CORCORAN STATE PRISON |
| Defendants. | |

On September 26, 2023, the Court issued an order for the Warden of Corcoran State Prison to show cause why he or she should not be sanctioned for failure to comply with a court order. (ECF No. 28). The Court has received a response to the order to show cause. (ECF No. 29). The Court will hold a telephonic hearing on this matter on November 16, 2023, at 2:00 p.m.

I.    DISCUSSION

Plaintiff Cesario Vizcarra Medina ("Plaintiff") filed a complaint on June 22, 2022, generally alleging that unidentified officers from the Investigative Services Unit ("ISU") used excessive force against Plaintiff during the process of removing Plaintiff from his housing unit so

1

that Plaintiff could be interviewed by the ISU. (ECF No. 1). Plaintiff alleges that the use of force caused a break in Plaintiff's healed arm, which had previously been surgically repaired. The Court screened Plaintiff's complaint and found that it stated cognizable claims of excessive force in violation of the Eighth Amendment against the Doe ISU Officers responsible for breaking Plaintiff's arm. (ECF No. 6).[1]

On October 17, 2022, following Plaintiff's notice that he wished to proceed on the claims found cognizable in the Court's screening order, the Court issued an order authorizing the issuance of a subpoena *duces tecum* so that Plaintiff could seek document(s) that identify the Doe Defendant(s). (ECF No. 10). The Court also set a deadline for Plaintiff to file a motion to substitute named defendants in place of Doe ISU Officers 1-3. (*Id.*, p. 2).

Plaintiff completed and submitted the subpoena and necessary form. (ECF Nos. 11 & 14). On December 1, 2022, the Court approved Plaintiff's requested subpoena, and directed service of the subpoena on the Litigation Coordinator at Corcoran State Prison by the United States Marshals Service. (ECF No. 15). Plaintiff's subpoena sought the following documents: "114d Lock up order, Investigation Package, 1040 Form, Body inspection log, all reports regarding rehousing, Sgt. Case's report, names of ISU officers who restrained Plaintiff." (ECF No. 15-1, p. 1). The Court directed the Litigation Coordinator to respond to the subpoena within twenty-one days. (ECF No. 15, p. 2). However, the Litigation Coordinator was "only required to produce documents that identify, or may reasonably help Plaintiff identify, the Doe ISU officer(s) involved in this incident." (*Id.*)

On February 21, 2023, Plaintiff filed a request for a status of service of his subpoena for documents to identify the Doe defendants. (ECF No. 16). Because no return of service had been filed, the Court extended Plaintiff's deadline to file a motion to substitute named defendants in place of Doe ISU Officers 1-3 to April 10, 2023. (ECF No. 17). The United States Marshals Service personally served the subpoena on March 7, 2023. (ECF No. 18).

On March 25, 2023, the Litigation Coordinator e-mailed the Court an affidavit of no

---

[1] The Court separately issued findings and recommendations recommending that all other claims and defendants be dismissed. (ECF No. 9). On June 1, 2023, the district judge issued an order adopting the Court's findings and recommendations and dismissing all claims and defendants "except for Plaintiff's Eighth Amendment excessive force claims against Doe ISU Officer1-3." (ECF No. 23).

records.

On April 26, 2023, the Court issued an order for Plaintiff to show cause "why the Court should not issue findings and recommendations to a district judge, recommending that this action be dismissed, without prejudice, because of Plaintiff's failure to comply with a court order, failure to prosecute, and/or failure to comply with Rule 4(m)." (ECF No. 19, p. 2). The Court stated that it would vacate the order to show cause "if, in response, Plaintiff files a motion to substitute named defendants in place of the Doe defendants, files a motion to compel regarding the subpoena that was served on March 7, 2023, or files a motion for the issuance of a second subpoena for additional documents so that he can attempt to identify the Doe defendants." (Id.)

In response to the Court's order to show cause, Plaintiff filed a motion to compel Corcoran State Prison's response to the March 7, 2023, subpoena. (ECF No. 22). The Court set a deadline for "[a]ny response or opposition to Plaintiff's motion to compel." (ECF No. 24). The Court did not a receive a response or opposition to Plaintiff's motion.

On August 8, 2023, the Court granted Plaintiff's motion to compel. (ECF No. 25). As the Court stated,

> While it appears that Corcoran State Prison has objected to the subpoena by an affidavit that indicates no responsive records were found, the Federal Rules of Civil Procedure allow the party who issued the subpoena to file a motion to compel. *HI.Q, Inc. v. ZeetoGroup, LLC*, No: 22cv1440-LL-MDD, 2022 WL 17345784, at *5 (C.D. Cal. Nov. 29, 2022) ("If a nonparty serves timely objections to a subpoena *duces tecum*, the issuing part may obtain an order from the district court where compliance is required compelling production or inspection pursuant to Rule 45(d)(2)(B)(i).").

(*Id.*, pp. 3-4). The Court compelled production of "all documents that identify, or that may reasonably help Plaintiff identify, the DOE ISU officer(s) involved in this incident" or "a response indicating what efforts were undertaken to search for the documents and facts supporting its assertion that no responsive documents exist." (*Id.*, p. 4).

The Court did not receive a notice of compliance from Corcoran State Prison or a response within the provided deadline. Accordingly, the Court issued an order for the Warden of Corcoran State Prison to show cause why sanctions should not issue for failure to comply with a court order. (ECF No. 28).

The Warden has now responded. (ECF No. 29). The Warden concedes the prison did not

file a response to the motion to compel. (*Id.*, p. 3). The Warden also concedes that it did not file a response to the order granting the motion to compel despite the Court setting a deadline for response. (*Id.*) The Warden filed a response only after the Court issued an order to show cause why sanctions should not issue and sent a copy of that order to a senior assistant deputy attorney general.

The Warden's response includes documents not previously identified or produced. (*Id.*, pp. 14-26).  Among these documents are a CDCR form 114-D Administrative Segregation Unit Placement Notice regarding Plaintiff's ASU placement, (*id.*, pp. 17-21), and a Classification Committee Chrono regarding Plaintiff's release from the ASU, (*id.*, pp. 24-16). Additionally, the Warden includes a copy of a CDCR 1030 Confidential Information Disclosure Form related to the ISU investigation. (*Id.*, pp. 22-23). According to the Litigation Coordinator's supporting declaration,

> [The CDCR 1030 Form] [ ] notes that confidential information was placed in Mr. Medina's file. This form was not provided earlier due to the form being dated November 9, 2023 for the October 8th, Investigation. Per CCR Title 15, Section 3321, CDCR 1030 Confidential Information Disclosure Forms need to be completed and provided to the inmate within twenty-four hours of placement of confidential information in an inmates' central file, thus resulting in a failure to properly identify the request form.

(*Id.*, p. 9).

The Warden's response also includes a confidential report regarding the search of Plaintiff's cell performed by ISU and his placement into administrative segregation on October 8, 2020. (*Id.*, pp. 14-16). However, this report is heavily redacted.  The Litigation Coordinator asserts that "a redacted copy of this report has been provided to Mr. Medina which identifies the ISU officer involved in the cell search." (*Id.*, p. 9). Yet, the redacted portion produced to the Court does not explicitly identify any person who conducted the search or transported Plaintiff from his cell on October 8, 2020:

> **<u>Investigation</u>**
>
> On Thursday October 8, 2020, LADA Investigator Flannagan contacted ISU [redacted] ISU immediately conducted a search of inmate Medina (3B05-148) cell with negative results for a cellular phone or anything with victim's information. Inmate Medina was subsequently placed in Administrative Segregation (Ad-Seg) pending investigation. [Redacted].

4

1

**Conclusion**

2   [Redacted]. Inmate Medina will continue to be monitored. . .

3   (*Id.*, pp. 14-15). The Warden further provides that:

4   The Litigation Coordinator is in the process of searching for other documents
referencing the October 8, 2020 cell search, and will provide copies of any

5   documents located to the Plaintiff, redacted appropriately. (*Id.*). However, in the
absence of a reportable incident, the California Department of Corrections and

6   Rehabilitation does not maintain records documenting which officer(s) escort an
inmate inside a prison. (*Id.* at 3:16-22.)

7   (*Id.*, p. 4).

8   The Warden has asked that no sanctions issue because, despite not responding to the

9   Court's orders, there was no bad faith. The Warden also argues that Plaintiff has not incurred any

10  costs or otherwise been prejudiced. However, again, the CDCR has not produced any documents

11  identifying the Doe defendant(s) described by Plaintiff.

12  The Court notes the pressing nature of resolving this issue. The documents are being

13  sought to identify the Doe ISU Officer(s) who was involved in the incident of alleged force

14  described in Plaintiff's complaint so that service may issue, and this case proceed. Without such

15  information, Plaintiff will not be able to substitute a defendant and Plaintiff's case, which has

16  been pending over a year, will likely be dismissed. The current deadline for Plaintiff to file a

17  motion to substitute named defendants in place of Doe ISU Officers 1-3 is November 27, 2023.

18  (*See* ECF No. 28, p. 2-3). The Court has already extended this deadline several times. (*See* ECF

19  Nos. 17, 24, 25). It cannot continue to do so indefinitely. *See* Fed. R. Civ. P. 4(m) ("[I]f the

20  plaintiff shows good cause for the failure [to serve the defendant], the court must extend service

21  for an appropriate period.").

**II.    ORDER**

22  1.  The Court sets a telephonic hearing on **November 16, 2023, at 2:00 p.m.** in Courtroom

23      10 (EPG) before Magistrate Judge Erica P. Grosjean.[2] For telephonic participation, each

24      party is directed to use the following dial-in number and passcode: Dial-in number 1-888-

25      251-2909; Passcode 1024453.

26  \\\

27

28  [2] The Court will issue a separate order and writ of habeas corpus to Plaintiff's current institution of confinement.

5

1  2. Further, the Clerk of Court is directed to send a copy of this order to Supervising Deputy

2   Attorney General Lawrence Bragg, the Warden of Corcoran State Prison, and the

3   Litigation Coordinator at Corcoran State Prison.

4

IT IS SO ORDERED.

5

6 Dated: **October 18, 2023**    /s/ *Erica P. Grosjean*

7             UNITED STATES MAGISTRATE JUDGE