UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CESARIO VIZCARRA MEDINA,<br><br>    Plaintiff,<br><br>    v.<br><br>JOE LUIS, et al.,<br><br>    Defendants. | Case No. 1:22-cv-00764-KES-EPG<br><br>ORDER RE: EVIDENCE WITHHELD ON THE BASIS OF THE OFFICIAL INFORMATION PRIVILEGE<br><br>(ECF No. 61, 62, 63) |

    Cesario Vizcarra Medina ("Plaintiff") is a state prisoner proceeding *pro se* in this civil rights action filed pursuant to 42 U.S.C. § 1983. This case proceeds on Plaintiff's Eighth Amendment claim of excessive force against Investigative Services Unit (ISU) Officers Anthony Arisco and Joe Luis at California State Prison in Corcoran. Before the Court is Defendants' objection to production of evidence, pursuant to the official information privilege. (ECF No. 61, 62, 63).

    The Court has reviewed the filings and the applicable law, and as discussed in more detail below, finds that Defendants' objection is sustained in part and overruled in part.

**I.    LEGAL STANDARDS**

    Under Rule 26 of the Federal Rules of Civil Procedure, "[p]arties may obtain discovery regarding any non-privileged matter that is relevant to any party's claim or defense and proportional to the needs of the case, considering the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties'

resources, the importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit." Fed. R. Civ. P. 26(b)(1). "Information within this scope of discovery need not be admissible in evidence to be discoverable." Id.

The "common law governmental privilege (encompassing and referred to sometimes as the official or state secret privilege) … is only a qualified privilege, contingent upon the competing interests of the requesting litigant and subject to disclosure…." Kerr v. U.S. Dist. Ct. for N. Dist. of Cal., 511 F.2d 192, 198 (9th Cir. 1975) (citations omitted). The Ninth Circuit has since followed Kerr in requiring *in camera* review and a balancing of interests in ruling on the government's claim of the official information privilege. See, e.g., Breed v. U.S. Dist. Ct. for N. Dist. of Cal., 542 F.2d 1114, 1116 (9th Cir. 1976) ("[A]s required by Kerr, we recognize 'that in camera review is a highly appropriate and useful means of dealing with claims of governmental privilege.'") (quoting Kerr v. U. S. Dist. Ct. for N. Dist. of Cal., 426 U.S. 394, 406 (1976)); Sanchez v. City of Santa Ana, 936 F.2d 1027, 1033-34 (9th Cir. 1990), as amended on denial of reh'g (Feb. 27, 1991), as amended on denial of reh'g (May 24, 1991) ("Government personnel files are considered official information. To determine whether the information sought is privileged, courts must weigh the potential benefits of disclosure against the potential disadvantages. If the latter is greater, the privilege bars discovery.") (citations omitted).

## II.   ANALYSIS

Defendants have objected to producing the following documents based on their confidential and investigative nature:[1]

   1. Inquiry Report Summary for AIMS Inquiry Log # C-AIMS-COR-2723-22 (3 pages);

   2. Investigation Memorandum dated November 9, 2020 (3 pages);

   3. Office of Grievances AASTS Log No. 20010521 (1 page);

---

[1] The Court also notes that the submission of in camera documents contained documents that are not listed among those being withheld by defendants, including a medical report of injury or unusual occurrence and grievances submitted by Plaintiff. It is the Court's understanding that these are not being withheld. If the Court is incorrect, Defense counsel shall inform the court that these also need to be reviewed for the official information privilege or other objections.

      4. Inmate Interview for Allegation Worksheet (Form CDCR 3013-2) (1 page);

      5. Report of Findings – Inmate Interview (Form CDCR 3014) (2 pages);

      6. Institutional Executive Review Committee Allegation Review (Form CDCR 3034) (1 page); and

      7. Two Audio Recordings of AIMS Investigation Interviews of Defendants conducted on August 1, 2022.

      In support, Defendants have submitted the Declaration of P. Williams, the Litigation Coordinator at California State Prison, Corcoran.  (ECF No. 63).  Williams states that the documents and recordings are confidential in accordance with California law and should not be given to Plaintiff for the safety and security reasons described in the declaration.  Williams states that all documents that CDCR officers and employees generate or collect are confidential official information, and thus cannot be provided to any inmate.  Williams adds that disclosure would reflect investigations of complaints against staff members and use-of-force incidents, threatening the security of the institution, and that disclosure would reveal techniques used to investigate inmate complaints against staff. Williams indicates that inmates would then manipulate staff. Lastly, Williams states that disclosure could undermine staff's ability to effectively control violent disturbances and that disclosure would reveal the names of informants and subject them to retaliation.

      Upon review of the documents and recordings, and the reasons given by Defendants for withholding them, the Court will overrule the objections in part and order that certain documents be produced in redacted form, specifically:

1. Inquiry Report Summary for AIMS Inquiry Log # C-AIMS-COR-2723-22 (3 pages), *except that item 5 on page 2 may be redacted.*
2. Inmate Interview for Allegation Worksheet (Form CDCR 3013-2) (1 page);
3. Report of Findings – Inmate Interview (Form CDCR 3014) (2 pages).

      These documents concern the reports about the incident by Plaintiff and Defendants. Such reports, made close in time to the incident, are directly relevant to the claims in this case. See Woodford v. Ngo, 548 U.S. 81, 94-95 (2006) ("[P]roper exhaustion improves the quality of

those prisoner suits that are eventually filed because proper exhaustion often results in the creation of an administrative record that is helpful to the court.  When a grievance is filed shortly after the event giving rise to the grievance, witnesses can be identified and questioned while memories are still fresh, and evidence can be gathered and preserved."). These documents do not include any statements by other witnesses or informants.  Moreover, to the extent they reveal any investigative techniques, such techniques are straightforward and do not concern the safety and security of the institution.

Defendants' objection is sustained as to the remaining documents and recordings.

### III.   ORDER

Based on the foregoing, IT IS ORDERED that:

1. Within 30 days from the date this order is filed, Defendants shall provide to Plaintiff:

    a. Inquiry Report Summary for AIMS Inquiry Log # C-AIMS-COR-2723-22 (3 pages), *except that item 5 on page 2 may be redacted.*

    b. Inmate Interview for Allegation Worksheet (Form CDCR 3013-2) (1 page);

    c. Report of Findings – Inmate Interview (Form CDCR 3014) (2 pages).

2. Defendants' objection to production is sustained as to the remaining documents.

IT IS SO ORDERED.

Dated:   **August 21, 2024**             /s/ Erica P. Grosjean
                                                                UNITED STATES MAGISTRATE JUDGE