UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CESARIO VIZCARRA MEDINA,<br><br>                    Plaintiff,<br><br>         v.<br><br>LUIS, *et al.*,<br><br>                    Defendants. | Case No. 1:22-cv-00764-KES-EPG (PC)<br><br>ORDER DENYING PLAINTIFF'S MOTION TO COMPEL<br><br>(ECF No. 68) |

Plaintiff Cesario Vizcarra Medina is a state prisoner proceeding *pro se* in this civil rights action filed pursuant to 42 U.S.C. § 1983. This case proceeds on Plaintiff's Eighth Amendment claim of excessive force against Investigative Services Unit (ISU) Officers Anthony Arisco and Joe Luis at California State Prison in Corcoran. Before the Court is Plaintiff's motion to compel Defendants and Corcoran State Prison's Legal Coordinator to produce employee disciplinary records, excessive force grievances, and lawsuits filed against officers at Corcoran State Prison. (ECF No. 68).  For the following reasons, the Court will deny Plaintiff's motion to compel without prejudice.

Plaintiff's motion seeks to compel the following documents from Defendants and the Legal Coordinator at Corcoran State Prison:

Employee disciplinary records for defendants Luis and Arisco, including excessive force disciplinary write ups.

A count of excessive force grievances and lawsuits filed against officers at

1

Corcoran State Prison.

(ECF No. 68). Defendants filed an opposition contending that the motion should be denied because the requested documents, "were not previously ordered to be produced by this Court (ECF No. 64), and Plaintiff did not serve a separate discovery request seeking them." (ECF No. 70). Plaintiff filed a reply stating that he had previously "request[ed] employment records for the correction officers in the original subpoena" directed to Corcoran's Legal Coordinator, who "failed to respond until the Court threatened the warden with being sanctioned." (ECF No. 72 at 1). Plaintiff asserts that the requested "records are important for Plaintiff to establish a pattern of this type of behavior, which was common before cameras were installed and required by staff." (*Id.*).

Plaintiff contends that the requested documents were the subject of a prior subpoena served to Corcoran's Legal Coordinator. On October 17, 2022, the Court authorized the issuance of a subpoena *duces tecum* to allow Plaintiff to seek documents identifying Doe defendants[1]. (*See* ECF No. 10). Specifically, the order directed Plaintiff to "only request documents that may assist him in identifying Doe ISU Officers 1-3," and explained that the Court was not opening discovery at that time. (*Id.* at 2 and n. 1). Plaintiff's subpoena sought the following documents: "114d Lock up order, Investigation Package, 1040 Form, Body inspection log, all reports regarding rehousing, Sgt. Case's report, names of ISU officers who restrained Plaintiff." (ECF No. 15-1 at 1). The Court's order directing service of the subpoena stated, in relevant part: "The Litigation Coordinator at Corcoran State Prison is *only required to produce documents that identify, or that may reasonable help Plaintiff identify, the Doe ISU officer(s) involved in this incident*." (ECF No. 15 at 2) (emphasis added). Accordingly, Plaintiff's subpoena did not request the information Plaintiff now seeks in his motion to compel.

\\\

\\\

\\\

\\\

---

[1] At the time the Court authorized issuance of the subpoena, Defendants Arisco and Luis had not been identified by name.

2

Accordingly, Plaintiff's motion to compel (ECF No. 68) is DENIED without prejudice.[2]

IT IS SO ORDERED.

Dated: **December 16, 2024**          /s/ Erica P. Grosjean
                                    UNITED STATES MAGISTRATE JUDGE

---

[2] If Plaintiff serves a discovery requests for these documents on defendants and they object to producing them, Plaintiff may file a motion to compel at that time.  Note that such motion must be filed before the deadline provided in the Court's scheduling order.

3